UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA ROSENTHAL,<br><br>       Plaintiff,<br><br> - against -<br><br>CUNY COLLEGE OF STATEN ISLAND,<br><br>       Defendant. | 13-cv-5372-JBW-RML<br>(Pro Se)(Original Filed By ECF) |

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

                   ERIC T. SCHNEIDERMAN
                   Attorney General of the State of New York
                   *Attorney for Defendant*
                   120 Broadway, 24th Floor
                   New York, New York 10271
                   (212) 416-8426
                   william.taylor@ag.ny.gov

WILLIAM J. TAYLOR, JR.
Assistant Attorney General
 *Of Counsel*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

      A.  Plaintiff's Non-Reappointment by CSI and Subsequent Complaint to CSI Regarding Alleged "Workplace Violence Issues" ................................................................................. 2

      B.  The EEOC Proceeding ............................................................... 4

      C.  The Present Action ..................................................................... 5

ARGUMENT ......................................................................................................................... 7

      PLAINTIFF HAS FAILED TO STATE A CLAIM OF EMPLOYMENT DISCRIMINATION ............................................................ 7

      A.  Plaintiff Has Failed to Allege Any Claim of Discrimination Based on a Protected Characteristic ................................. 9

      B.  Plaintiff Has Also Failed to Allege Any Conduct that Would Constitute a Hostile Work Environment ............................ 11

CONCLUSION .................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Anand* v. *N.Y. State Dep't of Taxation & Fin.*,
   No. 10-cv-5142 (SJF) (WDW), 2013 U.S. Dist. LEXIS 104424 (E.D.N.Y. May 28,
   2013), *adopted by* 2013 U.S. Dist. LEXIS 104291 (E.D.N.Y. July 25, 2013) ........................11

*Ashcroft* v. *Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................................7

*Bowman* v. *Waterside Plaza, LLC*,
   Nos. 07 Civ. 239, 07 Civ. 1818 (CM) (MHD), 2010 U.S. Dist. LEXIS 73285
   (S.D.N.Y June 4, 2010) .............................................................................................................8

*Brickhouse* v. *City of New York*,
   No. 09 Civ. 9353 (NRB), 2010 U.S. Dist. LEXIS 92394 (S.D.N.Y. Aug. 16, 2010) ...............8

*Brown* v. *Henderson*,
   257 F.3d 246 (2d Cir. 2001) ......................................................................................................9

*Campina-Bacote* v. *Tenney*,
   No. 10-CV-3165 (RRM) (ALC), 2011 U.S. Dist. LEXIS 22669 (E.D.N.Y. Jan. 28,
   2011), *adopted by* 2011 U.S. Dist. LEXIS 26025 (E.D.N.Y. Feb. 16, 2011) ............................1

*Chambers* v. *Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002) ......................................................................................................2

*Clissuras* v. *City Univ. of N.Y.*,
   359 F.3d 79 (2d Cir. 2004) ................................................................................................1, 10

*Deras* v. *Metro. Transp. Auth.*,
   No. 11-CV-5912 (RRM) (CLP), 2013 U.S. Dist. LEXIS 40456 (E.D.N.Y. Mar. 22,
   2013) .................................................................................................................................. 11-12

*Garcia* v. *Coll. of Staten Island, City Univ. of N.Y.*,
   No. 11 CV 2252 (KAM) (LB), 2012 U.S. Dist. LEXIS 128485 (E.D.N.Y. July 31,
   2012), *adopted by* 2012 U.S. Dist. LEXIS 128502 (E.D.N.Y. Sept. 10, 2012) .......................10

*Harris* v. *Mills*,
   572 F.3d 66 (2d Cir. 2009) ........................................................................................................8

*Krasner* v. *HSH Nordbank AG*,
   680 F. Supp. 2d 502 (S.D.N.Y. 2010) (Lynch, C.J.) ........................................................ 10-11

*Loksen* v. *Columbia Univ.*,
 No. 12 Civ. 7701 (CM), 2013 U.S. Dist. LEXIS 144844 (S.D.N.Y. Oct. 4, 2013) ................... 7

*Maldonado* v. *George Weston Bakeries*,
 441 F. App'x 808 (2d Cir. 2011) ................................................................................................ 8

*Matthew* v. *B. Barine, Inc.*,
 No. 12-cv-53 (DLI) (VMS), 2013 U.S. Dist. LEXIS 28149 (E.D.N.Y. Feb. 23, 2013) .. 7, 9-10

*Morris* v. *David Lerner Assocs.*,
 680 F. Supp. 2d 430 (E.D.N.Y. 2010) ....................................................................................... 4

*Muhammad* v. *N.Y.C. Transit Auth.*,
 450 F. Supp. 2d 198 (E.D.N.Y. 2006) ....................................................................................... 4

*O'Dell* v. *Trans World Entm't Corp.*,
 153 F. Supp. 2d 378 (S.D.N.Y. 2001), *aff'd*, 40 F. App'x 628 (2d Cir. 2002) ........................ 11

*Patane* v. *Clark*,
 508 F.3d 106 (2d Cir. 2007) ................................................................................................ 8-10

*Perri* v. *Bloomberg*,
 No. 11-cv-2646 (CBA) (LB), 2012 U.S. Dist. LEXIS 113835 (E.D.N.Y. Aug. 13,
 2012) ......................................................................................................................................... 8

*Romaine* v. *N.Y.C. Coll. of Tech. of the City Univ. of N.Y.*,
 No. 10-CV-431 (SLT) (SMG), 2012 U.S. Dist. LEXIS 76523 (E.D.N.Y. May 30,
 2012) ......................................................................................................................................... 7

*Smith* v. *HBO*,
 No. 12-CV-2177 (MKB), 2013 U.S. Dist. LEXIS 73333 (E.D.N.Y. May 22, 2013) ............. 12

*Troccoli* v. *Target Store # 1108*,
 No. 13-CV-00627 (SJF) (WDW), 2013 U.S. Dist. LEXIS 68524 (E.D.N.Y. May 13,
 2013) .......................................................................................................................... 1, 8-9, 11

**STATUTES**

28 U.S.C. § 1915 .............................................................................................................................. 8, 10

Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e *et seq.* ............................................... 1

Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* .................................................. 6

Americans with Disabilities Act, 42 U.S.C. § 12112 *et seq.* ........................................................... 6

N.Y. Educ. Law § 6202 ...................................................................................................................... 1

Defendant The City University of New York (sued herein as CUNY College of Staten Island) ("CUNY")[1], by its attorney, Eric T. Schneiderman, Attorney General of the State of New York, respectfully submits this memorandum of law in support of its motion, brought pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B), to dismiss the *pro se* complaint in this action (the "Complaint"), dated September 24, 2013, and each and every cause of action and request for relief asserted therein in their entirety, with prejudice.

## PRELIMINARY STATEMENT

Plaintiff Teresa Rosenthal ("Plaintiff"), a former employee at CUNY's College of Staten Island ("CSI"), brings this employment discrimination action against CUNY, complaining about alleged mistreatment by her former supervisor at CSI. As demonstrated below, Plaintiff's *pro se* pleading -- which "does not indicate the nature of the alleged employment discrimination or the statute allegedly violated by defendant," *Troccoli* v. *Target Store # 1108*, No. 13-CV-00627 (SJF) (WDW), 2013 U.S. Dist. LEXIS 68524, at *1 (E.D.N.Y. May 13, 2013) -- does not come close to stating a viable cause of action.[2] Accordingly, it is respectfully submitted that CUNY's

---

[1] The College of Staten Island is a senior college of CUNY and is not a "legally cognizable entity apart from CUNY." *Clissuras* v. *City Univ. of N.Y.*, 359 F.3d 79, 81 n.2 (2d Cir. 2004); N.Y. Educ. Law § 6202(5) ("The term 'senior college' shall mean an institution of higher education in the city of New York . . . including . . . the college of Staten Island . . . ."); *see, e.g.*, *Campina-Bacote* v. *Tenney*, No. 10-CV-3165 (RRM) (ALC), 2011 U.S. Dist. LEXIS 22669, at *1-2 & n.1 (E.D.N.Y. Jan. 28, 2011) (holding that, as a senior college of CUNY, the College of Staten Island is not a properly named defendant, and that instead suit may be brought only against CUNY), *adopted by* 2011 U.S. Dist. LEXIS 26025 (E.D.N.Y. Feb. 16, 2011). Any reference herein to the College of Staten Island or CSI is thus also a reference to CUNY.

[2] At best, it seems Plaintiff may be attempting to raise claims for race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*("Title VII"). While Plaintiff nowhere mentions such claims in her pleading, the Civil Cover Sheet does state that this action is being brought pursuant to Title VII. (A copy of the Complaint, its exhibits, and the Civil Cover Sheet, all filed together at Docket No. 1 in this action, are attached as Exhibit A to the accompanying Declaration of William J. Taylor, Jr. ("Taylor Decl.").) And the Notice of Charge of Discrimination that CUNY received from the U.S. Equal Opportunity Employment Commission (the "EEOC") indicates that the only claims Plaintiff

motion should be granted and the Complaint should be dismissed, in its entirety, as a matter of law.

## STATEMENT OF FACTS

This statement is based on the allegations in the Complaint, which are taken as true only for purposes of this motion, as well as other documents, noted below, that the Court may properly consider on this motion to dismiss.

**A.  Plaintiff's Non-Reappointment by CSI and Subsequent
Complaint to CSI Regarding Alleged "Workplace Violence Issues"**

Plaintiff is a former CUNY employee who, until her non-reappointment last year, worked as a College Assistant in the Registrar's Office at the College of Staten Island. (Complaint ("Cplt.") ¶ 8; *id.* at 8, 13; Taylor Decl. Ex. C (6/27/13 Letter of Non-Reappointment).)[3] On June 27, 2013, CSI's Office of Human Resources informed Plaintiff that "due to [her] performance" she would not be reappointed to this position when her current appointment expired on June 30, 2013. (Cplt. ¶ 8; *id.* at 8-9, 13; Taylor Decl. Ex. C.)

Only after her employment with CUNY had ended did Plaintiff first complain to officials at CSI about her alleged mistreatment while employed in the Registrar's Office. In particular, Plaintiff complained about what she alleged were the "many unprofessional acts" by her former supervisor, Anellee McSween. (Cplt. at 8-11.) Plaintiff charged that, during her time at CSI, she was "not only humiliated but harassed on various occasions by Annelle [*sic*] McSween in front of staff members"; that she was "also ridiculed and mocked"; that Ms. McSween "made [her] feel inferior and called [her] weird on numerous occasions"; that Ms.

---

even arguably exhausted here are Title VII sex and race discrimination claims. (Taylor Decl. Ex. B (9/10/13 EEOC Notice of Charge of Discrimination).) *See infra* pp. 4-6, 10 n.6.

[3] *See, e.g.*, *Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (noting that, on a motion to dismiss, a court may consider properly consider any documents "incorporated by reference" or "'integral' to the complaint").

McSween "didn't refer to [Plaintiff] by [her] name"; and that once "[s]he even went as far as calling [Plaintiff] 'Christina.'" (*Id.* at 9-10.) Plaintiff further asserted that Ms. McSween "would slam the doors shut then lock both doors and start to scream and threaten the employees," and that "[i]t became a very uncomfortable working environment." (*Id.* at 10.)

In e-mails she sent to CSI after her employment ended, which are attached to the Complaint (*id.* at 8-11), Plaintiff recounted a few purportedly more specific examples of the alleged "mocking, harassing, and violent out bursts" by Ms. McSween. (*Id.* at 8.) One incident Plaintiff noted was when "Vito Zadja [Ms. McSween's supervisor at CSI] was upset with Annelle [*sic*], so she went out and bought him a cake" with a "completely inappropriate" saying on it, and then "paraded the cake around the office . . . and encouraged the staff to all have a piece." (*Id.* at 10.) Plaintiff pointed to "another example" where "[t]he staff in the HUB asked [Ms. McSween] to place signs directing students to the proper stations." (*Id.*) Ms. McSween apparently responded by "enter[ing] the HUB yelling and slamming doors and spoke very inappropriately to the staff in that department." (*Id.*) Then, afterwards, Plaintiff and the rest of the staff in the service center of the Registrar's Office "w[ere] summoned to [Ms. McSween's] office and yelled at." (*Id.*) According to Plaintiff, Ms. McSween asked "who was bad mouthing her in the HUB area and if anyone was that she would take it to congress." (*Id.*) Recounting a third alleged incident, Plaintiff also stated that "one day" Ms. McSween told her "to LICK one of the Veteran Service Center employee Randall Ginns ARM PITS." (*Id.* at 8 (emphasis in original).)

Notably, Plaintiff does not state that any of the alleged "unprofessional acts" or "totally unacceptable behavior" by Ms. McSween was undertaken because of Plaintiff's sex, race, or any

3

other characteristic protected by the civil rights laws. (*See id.* at 8-11.) Nor does Plaintiff assert that her non-reappointment by CSI was for any such unlawfully discriminatory reason. (*See id.*)

On September 18, 2013, after previously having met with Plaintiff in person regarding these issues, CSI's Director of Human Resources, Hope Berté, wrote to Plaintiff to "[t]hank [her] for bringing this matter to our attention" and to assure her that CSI "take[s] the concerns that [she] ha[s] raised very seriously." (*Id.* at 12.) As Ms. Berté's letter stated, CSI was looking into Plaintiff's allegations "as quickly as possible" and asked Plaintiff "for [her] patience so that we may be as thorough as possible." (*Id.*)

**B.    The EEOC Proceeding**

On or about September 10, 2013 -- before she had received Ms. Berté's letter informing her that CSI was looking into her complaint, and even before she had, on September 13, 2013, e-mailed the President of CSI, Ms. Berté, and other CUNY officials asking for a response to her allegations -- Plaintiff filed a charge of employment discrimination against CSI with the EEOC. (*Id.* ¶¶ 8, 10; *id.* at 8, 12-13; Taylor Decl. Ex. B (9/10/13 EEOC Notice of Charge of Discrimination.)[4]

This discrimination charge by Plaintiff appears to have consisted of a one-page letter to the EEOC in which she alleged, as she had in her complaint to CSI, that Ms. McSween had harassed her by "[s]lamming doors, locking doors, [and] yelling at a high pitch tone"; that Ms. McSween had "berated [Plaintiff] in front of people without an ounce of remorse"; that she had "ridiculed and mocked [Plaintiff] in front of [her] fellow colleagues"; that "Ms. McSween made

---

[4] *See, e.g.*, *Morris* v. *David Lerner Assocs.*, 680 F. Supp. 2d 430, 436 (E.D.N.Y. 2010) ("[W]ith respect to administrative filings (such as the NYSDHR and EEOC) and decisions, the Court may consider such documents because they are public documents filed in state administrative proceedings, as well as because they are integral to plaintiff's claims."); *Muhammad* v. *N.Y.C. Transit Auth.*, 450 F. Supp. 2d 198, 204-05 (E.D.N.Y. 2006) (finding that an EEOC charge and agency determination could be properly considered on a motion to dismiss).

4

the work environment very hostile and uncomfortable for [Plaintiff]"; and, in addition, that Plaintiff's non-reappointment by CSI in June 2013 came as a "complete shock." (*Id.* at 13.) It also appears that Plaintiff included her e-mail complaint to CSI with her EEOC charge. (*Id.*; *see id.* at 8-11.) Once again, however, just as it was absent from her communications with CSI, nowhere in the EEOC charge did Plaintiff link any of these alleged improper acts or misbehavior to her sex, her race, or any other protected characteristic. (*Id.*; *see id.* at 8-11.)

On September 12, 2013, CSI received notice from the EEOC of Plaintiff's employment discrimination charge. (Taylor Decl. Ex. B.) This Notice of Charge of Discrimination indicated that Plaintiff had brought her charge under Title VII, and that she was alleging discrimination by CSI on the basis of both sex and race. (*Id.*)

The very next day, on September 13, 2013, the EEOC issued a Dismissal and Notice of Rights with respect to Plaintiff's discrimination charge. (Cplt. at 6; *id.* ¶ 12.) The EEOC determined that, "upon its investigation, [it] is unable to conclude that the information obtained establishes violations of the statutes" it enforces. (*Id.* at 6.)

**C.    The Present Action**

On September 25, 2013, Plaintiff then commenced the present action in this Court, by filling out and filing a copy of the Court's form employment discrimination complaint against CUNY, to which she also attached her written communications with CSI in the summer and fall of 2013 and her one-page letter to the EEOC. (Cplt. at 1-13.) Just as she did in her complaint to CSI and in her EEOC charge, Plaintiff alleges here that she was mistreated by her former supervisor, Ms. McSween, who, Plaintiff asserts, engaged in "harassing, bullying, mocking, workplace violence, [and] violent outbursts in the working environment." (*Id.* ¶¶ 4, 8; *id.* at 1.) Plaintiff also complains that CSI's decision to not reappoint her to employment in June 2013

5

constituted "discriminatory conduct" because she was "never for[e]warned" and "never had [a] bad review." (*Id.* ¶ 4.)

Nowhere, however, does Plaintiff assert that any of the alleged misconduct by CUNY or Ms. McSween was based on a protected characteristic or because of Plaintiff's membership in a protected class. (*Id.* at 1-13.) Indeed, in the form complaint Plaintiff submitted in this action, she failed to even check any of the boxes, listed in paragraph seven, which indicate: "Defendant(s) discriminated against me based on my," followed by empty check boxes next to race, color, gender/sex, religion, national origin, age, and disability. (*Id.* ¶ 7.)

And, while the Civil Cover Sheet accompanying the Complaint states that Plaintiff has filed this action pursuant to Title VII (*see* Taylor Decl. Ex. A at 14), there is no mention of Title VII, or any other statute CUNY has allegedly violated here, in the Complaint itself. (Cplt. at 1-13.) The first page of the form complaint, in fact, directs Plaintiff to indicate by checkmark as to whether the action is brought pursuant to Title VII; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"); or the Americans with Disabilities Act, 42 U.S.C. § 12112 *et seq.* (the "ADA"). (*Id.* at 1.) Plaintiff, however, did not place a check next to any of these statutes. (*Id.*) Instead, she elected to write in on the form own purported basis for her claims against CUNY -- alleging "workplace violence, [h]arrassment [*sic*], mocking, violent outbursts within service area w/ door shut," as well as apparently charging that Ms. McSween was "[d]istributive in workplace decrees, harrass[es] [*sic*] and intimidates others," but citing to no statute or other provision of law -- and placed a checkmark next to that. (*Id.*)

CUNY now moves to dismiss the Complaint, in its entirety, for the reasons discussed below.

6

# ARGUMENT

## PLAINTIFF HAS FAILED TO STATE A CLAIM OF EMPLOYMENT DISCRIMINATION

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

This means, as relevant here, that "[o]n a motion to dismiss an employment discrimination claim, 'a plaintiff need not plead the specific facts necessary to establish a *prima facie* case, [however,] the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim.'" *Loksen* v. *Columbia Univ.*, No. 12 Civ. 7701 (CM), 2013 U.S. Dist. LEXIS 144844, at *28 (S.D.N.Y. Oct. 4, 2013) (quoting *Mazurkiewicz* v. *N.Y.C. Health & Hosps. Corp.*, No. 09 Civ. 5962 (WHP), 2010 U.S. Dist. LEXIS 107697, at *11 (S.D.N.Y. Sept. 16, 2010)) (alteration in *Loksen*) (internal quotation marks omitted); *see, e.g.*, *Matthew* v. *B. Barine, Inc.*, No. 12-cv-53 (DLI) (VMS), 2013 U.S. Dist. LEXIS 28149, at *7 (E.D.N.Y. Feb. 23, 2013). "The elements of a prima facie discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Romaine* v. *N.Y.C. Coll. of Tech. of the City Univ. of N.Y.*, No. 10-CV-431 (SLT) (SMG), 2012 U.S. Dist. LEXIS 76523, at *8 (E.D.N.Y. May 30, 2012) (quoting *Chacko* v. *Worldwide Flight Servs., Inc.*, No. 08-CV-2363 (NGG) (JO), 2010 U.S. Dist. LEXIS 9103, at *10 (E.D.N.Y. Feb. 3, 2010)) (internal quotation marks omitted). And, as the Second Circuit has

made clear, "where the plaintiff 'fail[s] to allege even the basic elements of a discriminatory action claim,'" dismissal of the action is fully warranted. *Maldonado* v. *George Weston Bakeries*, 441 F. App'x 808, 809 (2d Cir. 2011) (quoting *Patane* v. *Clark*, 508 F.3d 106, 112 & n.3 (2d Cir. 2007)).

In addition, although the Court is "obligated to construe a *pro se* complaint liberally," *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), "*[p]ro se* plaintiffs nevertheless remain subject to the general standard applicable to all civil complaints under the Supreme Court's decisions in *Twombly* and *Iqbal*," *Brickhouse* v. *City of New York*, No. 09 Civ. 9353 (NRB), 2010 U.S. Dist. LEXIS 92394, at *5 (S.D.N.Y. Aug. 16, 2010); *see, e.g.*, *Perri* v. *Bloomberg*, No. 11-cv-2646 (CBA) (LB), 2012 U.S. Dist. LEXIS 113835, at *5 (E.D.N.Y. Aug. 13, 2012) (noting that "*pro se* complaints remain, as any other complaint, vulnerable to dismissal under Rule 12(b)(6)"); *Bowman* v. *Waterside Plaza, LLC*, Nos. 07 Civ. 239, 07 Civ. 1818 (CM) (MHD), 2010 U.S. Dist. LEXIS 73285, at *11 (S.D.N.Y June 4, 2010) ("[T]he 'plausibility standard articulated in *Twombly* and *Iqbal* applies to the pleadings of *pro se* plaintiffs . . . ."). And, furthermore, where, as here, a plaintiff is proceeding *in forma pauperis*, dismissal for failure to state a claim, or dismissal where "the action . . . 'is frivolous,'" is also warranted under 28 U.S.C. § 1915(e)(2)(B). *Troccoli*, 2013 U.S. Dist. LEXIS 68524, at *2 (E.D.N.Y. May 13, 2013) (quoting 28 U.S.C. § 1915(e)(2)(B)).[5]

As set forth below, under these governing legal standards, Plaintiff has not come close to stating an employment discrimination claim against CUNY.

---

[5] *See also infra* note 6.

### A. Plaintiff Has Failed to Allege Any Claim of <u>Discrimination Based on a Protected Characteristic</u>

"It is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through such concrete deprivations as being fired or being denied a promotion, is actionable under Title VII [or the ADEA or ADA] only when it occurs because of an employee's . . . protected characteristic." *Brown* v. *Henderson*, 257 F.3d 246, 252 (2d Cir. 2001); *see, e.g.*, *Patane*, 508 F.3d at 112 (2d Cir. 2007) (holding that "[t]he *sine qua non* of a . . . discriminatory action claim under Title VII is that the discrimination must be *because of*'" the employee's protected characteristic (internal quotation marks omitted) (emphasis in original)); *Troccoli*, 2013 U.S. Dist. LEXIS 68524, at *5-6. Here, Plaintiff utterly fails to allege this fundamental prerequisite of any employment discrimination claim. For that reason alone, the Complaint should be dismissed as a matter of law.

The analysis on this motion is not complicated. As noted above, *see supra* pp. 2-6, Plaintiff does not indicate anywhere in her Complaint that she was mistreated by Ms. McSween or any other CSI or CUNY official "*because of*" a protected characteristic, *i.e.*, her race, color, sex, religion, national origin, age, or disability. *Patane*, 508 F.3d at 112; (*see* Cplt. ¶ 7). Nor does she assert allegations that would support such a conclusion. *See supra* pp. 2-6. And nowhere does she even allege what anti-discrimination statute was allegedly violated here by CUNY. *See supra* p. 6; (Cplt. at 1.) Such basic pleading deficiencies, even by a *pro se* plaintiff, are more than enough to warrant dismissal for failure to state a claim. *See, e.g.*, *Troccoli*, 2013 U.S. Dist. LEXIS 68524, at *1-2 (dismissing *pro se* employment discrimination action where plaintiff "d[id] not indicate the nature of the alleged employment discrimination or the statute allegedly violated by defendant"); *Matthew*, 2013 U.S. Dist. LEXIS 28149, at *9 (dismissing *pro se* action where, as here, plaintiff filed form employment discrimination complaint, "but d[id] not

9

check off any of the boxes indicating which of these [protected] characteristics, if any, caused [defendant] to allegedly harass, demote and fire" him).

And even if, based on the EEOC charge and the Civil Cover Sheet, the Court were to somehow construe the Complaint as asserting Title VII claims for sex and race discrimination, *see supra* note 2, that would make no difference.[6] The Complaint is simply devoid of any factual allegations sufficient to allow a plausible inference that CUNY's actions here were motivated by such sexual or racial discrimination. Plaintiff, for example, does not allege that Ms. McSween or any other CSI or CUNY official ever made any comments suggestive of sexual or racial animus. *See Patane*, 508 F.3d at 112. Nor does she allege that any employees of other sexes or races "were receiving preferential treatment when compared to Plaintiff." *Id.*[7]

At most, what Plaintiff asserts here is that her former supervisor at CSI, Ms. McSween, created a "nasty, unpleasant workplace[]" in the Registrar's Office for reasons having nothing to do with sex, race, or any other protected characteristic. *Krasner* v. *HSH Nordbank AG*, 680 F. Supp. 2d 502, 513 (S.D.N.Y. 2010) (Lynch, C.J.). That is plainly not enough to state a plausible employment discrimination claim. *See, e.g.*, *Garcia* v. *Coll. of Staten Island, City Univ. of N.Y.*, No. 11 CV 2252 (KAM) (LB), 2012 U.S. Dist. LEXIS 128485, at *12-14 (E.D.N.Y. July 31, 2012), *adopted by* 2012 U.S. Dist. LEXIS 128502 (E.D.N.Y. Sept. 10, 2012); *Krasner*, 680 F. Supp. 2d at 513-14, 519; *see also, e.g.*, *id.* at 519 ("It is well established that Title VII does not

---

[6] In addition, to the extent Plaintiff has attempted to allege any non-Title VII employment discrimination claims against CUNY, such claims not only fail on the pleading grounds discussed here, but are also plainly barred by the Eleventh Amendment, *see, e.g.*, *Clissuras*, 359 F.3d at 81 & n.2 (holding that CUNY and its senior colleges, including CSI, are "arms of the state" entitled to Eleventh Amendment sovereign immunity), and thus should be dismissed under Rule 12(b)(1) and, to the extent she seeks monetary relief, also pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). ADEA and ADA claims (as well as Title VII claims not based on sex or race), which were not even arguably raised by Plaintiff before the EEOC, *see supra* pp. 1-2 n.2, 4-5, would also be barred here on administrative exhaustion grounds. (*See* Cplt. at 1.)

[7] Plaintiff, in fact, does not even allege what her race is.

10

set forth 'a general civility code for the American workplace,' but rather is limited to the prevention of discrimination based on gender (or other protected characteristics).").

In sum, Plaintiff "fails to plead any facts that create an inference that any of the challenged conduct by defendant . . . was based upon a protected characteristic" -- be it sex, race, or any other.  *Troccoli*, 2013 U.S. Dist. LEXIS 68524, at *7-8.  Dismissal of the Complaint, in its entirety, is thus fully warranted.

### B. Plaintiff Has Also Failed to Allege Any Conduct that Would Constitute a Hostile Work Environment

In addition, to the extent Plaintiff's allegations of "harassing, bullying, mocking, workplace violence, [and] violent outbursts in working environment" (Cplt. ¶ 4) are intended to raise a hostile work environment claim, they fail here for another, independent reason as well. This misconduct alleged by Plaintiff, as "offensive or boorish" as it may be, simply does not, even if true, rise to the level of a hostile work environment.  *O'Dell* v. *Trans World Entm't Corp.*, 153 F. Supp. 2d 378, 386 (S.D.N.Y. 2001) (internal quotation marks omitted), *aff'd*, 40 F. App'x 628 (2d Cir. 2002); *see, e.g.*, *Anand* v. *N.Y. State Dep't of Taxation & Fin.*, No. 10-cv-5142 (SJF) (WDW), 2013 U.S. Dist. LEXIS 104424, at *10 (E.D.N.Y. May 28, 2013) (noting that a "hostile work environment . . . exists when 'the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment'" (internal quotation marks omitted)), *adopted by* 2013 U.S. Dist. LEXIS 104291, at *4-5 (E.D.N.Y. July 25, 2013).  "'[M]any bosses are harsh, unjust, and rude,'" as Plaintiff alleges Ms. McSween was here, "but that fact alone does not give rise to a hostile work environment claim."  *Deras* v. *Metro. Transp. Auth.*, No. 11-CV-5912 (RRM) (CLP), 2013 U.S. Dist. LEXIS 40456, at *22 (E.D.N.Y. Mar. 22, 2013) (quoting *Alfano* v. *Costello*, 294 F.3d 365, 377 (2d Cir. 2002) (internal

11

quotation marks omitted)); *accord, e.g.*, *Smith* v. *HBO*, No. 12-CV-2177 (MKB), 2013 U.S. Dist. LEXIS 73333, at *8-9 (E.D.N.Y. May 22, 2013). Thus, for this reason, too, any hostile work environment claim should be dismissed by the Court as a matter of law.

## CONCLUSION

For the foregoing reasons, CUNY's motion should be granted and the Complaint should be dismissed in its entirety.

Dated: New York, New York
January 27, 2014

>  ERIC T. SCHNEIDERMAN
>  Attorney General of the State of New York
>  *Attorney for Defendant*
>
>  By:
>  /s/ *William J. Taylor, Jr.*
>  William J. Taylor, Jr.
>  Assistant Attorney General
>  120 Broadway, 24th Floor
>  New York, New York 10271
>  (212) 416-8426
>  william.taylor@ag.ny.gov